IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMIE PARTUSCH,

          Plaintiff,

vs.

AMY L. PECK and
PECK LAW FIRM, LLC,

          Defendants.

8:13CV185

ORDER

This matter is before the court on the plaintiff's Complaint (Filing No. 1). The plaintiff filed the Complaint on June 21, 2013.

The plaintiff alleges:

> Plaintiff represents that she has previously requested changes with Peck Law Firm, LLC. And already filed complaints, actions, charges against local, state, federal agency, or court arising from her employment relationship with the company, including the termination thereof. This complaint will not in any way be construed as an admission of guilt in any matter. Plaintiff seeks compensation for damages inflicted upon self and minor children and property. Damages result from but not limited to invasion of privacy, breach of confidentiality, wrongful termination, lost wages, emotional distress, damage to property, home and well being, violation of child labor laws, health and safety. Further discrimination includes racial profiling, harassment, violations of civil rights, and reserve right to include more claims at trial. Due to the nature of these claims, plaintiff further motions court to move immediately to trial. Plaintiff has been directed to multiple agencies, websites, locations, and people with no formal resolutions.

Filing No. 1 - Complaint p. 2-3.

Additionally, the plaintiff alleges she exhausted administrative procedures by presenting her claims on March 18, 2013, April 15, 2013, and April 17, 2013, to a state or federal governmental agency. *Id.* at 5. The plaintiff does not state which agency or the results of those procedures. **See** *id.* The complaint lists jurisdiction is based on (1) United States or a federal official or agency is a party, (2) Claim arises under the Constitution, laws or treaties of the United States, (3) Violation of civil rights, (4)

Employment discrimination, and (5) Other basis for jurisdiction in federal court (without explanation).  *Id.* at 4.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." **Fitzgerald v. Seaboard Sys. R.R., Inc.**, 760 F.2d 1249, 1251 (11th Cir. 1985) (**citing Philbrook v. Glodgett**, 421 U.S. 707 (1975)); **see Amnesty Int'l, USA v. Battle**, 559 F.3d 1170, 1176-77 (11th Cir. 2009).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court."  **281 Care Comm. v. Arneson**, 638 F.3d 621, 627 (8th Cir. 2011); **Knudson v. Sys. Painters, Inc.**, 634 F.3d 968, 975 (8th Cir. 2011) (noting burden of establishing federal subject matter jurisdiction is by a preponderance of the evidence); **Keene Corp. v. United States**, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court).  Subject matter jurisdiction is a proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. **Northwest South Dakota Prod. Credit Ass'n v. Smith**, 784 F.2d 323, 325 (8th Cir. 1986).

*Pro se* plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007); **see also Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim.  **See Martin v. Sargent**, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a *pro se* plaintiff's allegations must be construed liberally.  **Burke v. North Dakota Dep't of Corr. & Rehab.**, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

The court finds the plaintiff's Complaint is insufficient to allow the court to determine whether this court has jurisdiction.  The plaintiff's Complaint states the

"United States or a federal official or agency is a party" but does not list any such entity as a defendant.  **See** Filing No. 1 - Complaint p. 4.  Similarly the plaintiff's Complaint does not set forth sufficient factual basis to determine which, if any, other basis for jurisdiction exists.  It is unclear whether the plaintiff alleges she was employed with the defendants or with some other "company."  There are insufficient allegations to determine whether specific actions taken by the defendants violate any constitutional right or support a claim under any other federal statute.  Although the plaintiff alleges she was wrongfully terminated and her privacy and child labor laws were violated, among other things, these allegations are conclusory statements.  The plaintiff fails to state the facts showing who was involved or what underlying conduct may support a federal legal claim against the current defendants.  Other relevant facts may include the plaintiff's age and race and the circumstances surrounding her termination from employment.  The plaintiff states, "[f]urther discrimination includes racial profiling, harassment, [and] violations of civil rights," but does not state who suffered discrimination, who engaged in discriminatory conduct, and the circumstances surrounding and a detailed description of the conduct.  Even at this stage, the plaintiff has the burden of pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  The plaintiff's complaint lacks any factual content and is therefore insufficient to grant this court jurisdiction.  Upon consideration,

**IT IS ORDERED**:

The plaintiff shall have to **on or before August 5, 2013**, to file an amended complaint or show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Dated this 2nd day of July, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

3